OSCN Found Document:Question Submitted by: Jay Doyle, Chief Executive Officer, Service Oklahoma

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 Question Submitted by: Jay Doyle, Chief Executive Officer, Service Oklahoma
2024 OK AG 1
Decided: 02/05/2024
Oklahoma Attorney General Opinions

Cite as: 2024 OK AG 1, __ __

 

¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Does title 47, section 6-117(D) (Supp.2023) of the Oklahoma Statutes require a suspension to appear in a person's motor vehicle report ("MVR") for three years even after the suspension has been closed and a person's driving privilege reinstated? 
I. 
SUMMARY
¶1 Yes. Unless removed from the driving record by a manner authorized by law, title 47, section 6-117(D) (Supp.2023) requires a suspension to remain in the MVR for three years even after Service Oklahoma ("SOK") lifts the suspension and reinstates a driving privilege.II.
BACKGROUND
¶2 First created on May 19, 2022, as a division of the Office of Management and Enterprise Services ("OMES"), SOK is tasked with all the powers, duties, and responsibilities previously exercised by the Driver License Services Division of the Oklahoma Department of Public Safety ("DPS"), effective November 1, 2022, and the Motor Services Division of the Oklahoma Tax Commission, effective January 1, 2023. 2022 Okla. Sess. Laws ch. 282, § 1 (codified at 47 O.S.Supp.2022, § 3-101).[1] Among its many and various responsibilities and duties is the preparation and furnishing of an MVR. An MVR summarizes a person's driving record and includes "the enumeration of any motor vehicle collisions, reference to convictions for violations of motor vehicle laws, and any action taken against the privilege of the person to operate a motor vehicle, as shown by the files of [SOK] for the three (3) years preceding the date of the request."[2] 47 O.S.Supp.2023, § 6-117(D). Crucially, an MVR is not a person's complete driving history. An MVR contains only a three-year snapshot of a person's driving record. Id.
¶3 Based on information provided to this office by SOK, prior to SOK assuming DPS's duties and responsibilities regarding MVRs, DPS interpreted section 6-117(D) to require only the inclusion of active suspensions in a person's MVR. SOK takes the opposite view and interprets section 6-117(D) to require the inclusion of active and inactive suspensions in an MVR. In light of this difference in legal opinion between two state agencies, SOK request this office to resolve this difference in interpretation.III.
DISCUSSION
¶4 The first step is to determine if the questioned language of title 47, section 6-117(D) (Supp.2023) is clear and unambiguous. If the language is clear and unambiguous, then the plain and ordinary meaning of the words of the statute must be applied. Leo v. Oklahoma Water Res. Bd., 2023 OK 96, ¶ 17, 536 P.3d 939, 947. If the language is ambiguous, then statutory interpretation begins.
¶5 As stated above, section 6-117(D) mandates the inclusion of the following in an MVR: "the enumeration of any motor vehicle collisions, reference to convictions for violations of motor vehicle laws, and any action taken against the privilege of the person to operate a motor vehicle, as shown by the files of [SOK] . . . ." 47 O.S.Supp.2023, § 6-117(D) (emphasis added). Further, title 47, section 1-173 defines the suspension of a person's driving privilege as the "temporary withdrawal by formal action of [SOK] of a person's privilege to operate a motor vehicle on the public highways." 47 O.S.Supp.2022, § 1-173 (emphasis added). As a result, a suspension of a person's driving privilege constitutes an action includable in an MVR.
¶6 Notably, section 6-117(D) does not distinguish between active and inactive actions let alone active versus inactive suspensions. Section 6-117(D) instead uses broad language by using the word 'any' to capture all information applicable to a person's driving record. Moreover, the MVR can only contain the actions, convictions, and motor vehicle collisions reported to SOK and in its files. Id. § 6-117(D) Accordingly, the law is clear and unambiguous.[3]
¶7 Finally, only one type of suspension receives different treatment under Oklahoma law relating to its inclusion in the MVR. Pursuant to title 47, section 6-206(D) of the Oklahoma Statutes, SOK "shall" suspend a person's driving privilege for failure to pay a fine "no earlier than one hundred eighty (180) days after giving notice . . . ."[4] 47 O.S.Supp.2022, § 6-206(D). However, this suspension can be lifted and the record of the suspension removed from the driving record after the person has paid the fine. 47 O.S.Supp.2023, § 6-117(A)(3).[5] This exception in paragraph 3, subsection A of section 6-117 concerning SOK's records is the only provision permitting and, as a matter of fact, mandating the removal of a suspension from a person's driving record.[6] As a result, once the suspension notation is removed from the driving record, the 'inactive' suspension for failure to pay a fine will not appear in an MVR since only actions "shown by the files of [SOK]" appear in an MVR. 47 O.S.2023, § 6-117(D).[7]
¶8 It is, therefore, the official Opinion of the Attorney General that:

Unless a suspension has been removed from the driving record by a manner authorized by law, title 47, section 6-117(D) (Supp.2023) requires a suspension to appear in a person's motor vehicle report for three years even after the suspension has been closed and a person's driving privilege reinstated. 

GENTNER DRUMMOND
ATTORNEY GENERAL OF OKLAHOMA
WHITNEY HERZOG SCIMECA
ASSISTANT ATTORNEY GENERALFOOTNOTES

[1] On November 1, 2023, SOK became a separate and distinct state agency from OMES. 2023 Okla. Sess. Laws ch. 47, § 2 (1st Extra. Sess.).
[2] As a matter of law, driving records documented in the MVR are not expungable. The "Motor Vehicle Report, to include any record or information associated with the Motor Vehicle Report, shall not be deemed a 'public civil record' as defined in Section 18 of Title 22 of the Oklahoma Statutes, and shall not be subject to expungement." 47 O.S.Supp.2023, § 6-117(D) (emphasis added).
[3] "If a statute is plain and unambiguous, it will not be subjected to judicial construction . . . ." Frank Bartel Transp., Inc. v. State ex rel. Murray State College, 2023 OK 121, ¶ 5, 540 P.3d 480, 483 (citation omitted).
[4] Title 47, section 6-212.5, prior to its amendment in 2022, is not being addressed here. The language in the statute involves revocation, not suspension, "[u]pon successful completion of the program, the records of the Department will be updated to indicate completion of the program by the person without revocation. No reinstatement fee will be charged to the person." 2019 Okla. Sess. Laws ch. 400, § 9 (codified at 47 O.S.Supp.2019, § 6-212.5(C)).
[5] "Any notation of suspension of the driving privilege of a person for reason of nonpayment of a fine shall be removed from the driving record after the person has paid the fine and the driving privilege of the person is reinstated as provided for by law[.]" 47 O.S.2023, § 6-117(A)(3).
[6] To ascertain legislative intent here, the maxim 'expressio unius est exclusio alterius,' or that the mention of one thing in a statute impliedly excludes another thing, may be applied. Patterson v. Beall, 2000 OK 92, ¶ 24, 19 P.3d 839, 845. Here, the only time that Oklahoma law permits (and requires) the removal of a suspension from an MVR is in section 6-117(A)(3) of title 47.
[7] SOK may, however, "retain an internal record for audit purposes" of the suspension for nonpayment of a fine and costs after reinstatement and removal from the driving record. 47 O.S.Supp.2022, § 6-206(D)(3).

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.